IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 126 RETIREMENT PLAN TRUST FUND, *et al.*, <br>             *Plaintiffs,* <br>   v. <br> CABLELINKS, INC., <br>             *Defendant.* | CIVIL ACTION <br> NO. 15-01925 |
| CABLELINKS, INC., <br>             *Third-Party Plaintiff,* <br>   v. <br> DELMARVA POWER & LIGHT COMPANY and PEPCO HOLDINGS, INC., <br>             *Third-Party Defendants.* | |

## MEMORANDUM

**PAPPERT, J.**                                                                             **December 10, 2015**

      On April 13, 2015, several electrical workers union health, welfare, education and benefit trust funds filed a complaint against Cablelinks to "collect delinquent employee benefit fund contributions" pursuant to the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). (Compl. at 2, ECF No. 1.) Cablelinks answered the complaint on June 19, 2014 and asserted that its failure to make the employee contributions was due to the actions of "third party Defendants." (Answer ¶¶ 14, 16, 28–32, ECF No. 3.)

      Cablelinks's June 22, 2015 third-party complaint identifies those "third party Defendants" as Delmarva Power & Light Company ("DP&L") and Pepco Holdings, Inc. ("PHI")

1

(collectively "Third-Party Defendants"). (Third-Party Compl. ¶ 2, ECF No. 5.) In its third-party complaint, Cablelinks alleges that DP&L is located in Delaware and that PHI is located in Washington, D.C. (*Id.* at 2.) Cablelinks's dispute with the Third-Party Defendants "centers around two housing developments in the Elkton, Maryland area." (*Id.* ¶ 4.)

The two housing developments are "Lakeside" and "Tartan." (*Id.* ¶¶ 5, 19.) At Lakeside, DP&L and PHI agreed to Cablelinks's bid to "replace the entire power grid" for four hundred homes for a total price of $122,025. (*Id.* ¶¶ 5–8.) After several changes to the work to be performed, the amount was altered to $140,999. (*Id.* ¶¶ 10–17.) Cablelinks alleges that the Third-Party Defendants have only paid Cablelinks $69,106.25. (*Id.* ¶ 18.) At Tartan, DP&L and PHI agreed to have Cablelinks "complete[ly] replace [] all underground wires" for approximately one hundred homes for $41,299. (*Id.* ¶¶ 20–23.) Cablelinks alleges that the Third-Party Defendants have not made any payments even though the Tartan project was completed as specified. (*Id.* ¶¶ 24–26.)

Cablelinks contends that DP&L and PHI's failure to pay on both contracts left the company unable to meet its payroll and union benefit plans obligations. (*Id.* ¶¶ 28, 29, 32.) Cablelinks requests that the Court enter judgment in its favor for $113,121.75, which is the amount Cablelinks claims is outstanding on the two contracts. (*Id.* at 5.) DP&L and PHI filed a motion to dismiss Cablelinks's third-party complaint on September 22, 2015. (*See generally* Third-Party Defs.' Mot., ECF No. 9.) They argue that this Court does not have personal jurisdiction over them.[1] (*Id.*) For the reasons that follow, the Court grants DP&L and PHI's motion.

---

[1] The Third-Party Defendants also argue that even if the Court did have personal jurisdiction, the forum selection clause in the contracts creates a strong presumption that the appropriate jurisdiction is Maryland. (Third-Party Defs.' Mot. at Ex. C.) As the Court finds that it lacks personal jurisdiction over the Third-Party Defendants, it need not consider this issue.

I.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."[2] *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). A motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the defense has been raised, "then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)). The plaintiff must instead offer evidence that establishes with reasonable particularity the existence of sufficient contacts between the defendant and the forum state to support jurisdiction. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *see also Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.3d 434, 437 (3d Cir. 1987). When affidavits accompany the parties' briefs, factual discrepancies are generally reconciled in favor of the non-moving party, who bears the burden of establishing jurisdiction. *See Pennebacker v. Wayfarer Ketch Corp.*, 777 F. Supp. 1217, 1219 (E.D. Pa. 1991).

---

[2]   Cablelinks incorrectly contends that the standards of review governing the Third-Party Defendants' motion are those applied under Rule 12(b)(6) and Rule 12(b)(3). (Third-Party Pl.'s Resp. at *3, ECF No. 12.) The Third-Party Defendants filed their motion to dismiss pursuant to Rule 12(b)(2), seeking dismissal for lack of personal jurisdiction. (Third-Party Defs.' Mot. at 4–5.) The Court will apply the Rule 12(b)(2) standard in deciding the motion.

## II.

Under Federal Rule of Civil Procedure 4(k)(1)(A), a district court may assert personal jurisdiction over nonresident[3] defendants, including nonresident third-party defendants, to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A); *see also Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 59 (3d Cir. 1986). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). Accordingly, in determining whether personal jurisdiction exists over DP&L and PHI, the Court must ask whether, under the Due Process Clause, they have "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Under the Due Process Clause, two types of personal jurisdiction exist, general and specific. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). General jurisdiction lies when the defendant maintains "continuous and systematic" contacts with the forum, regardless of whether the "plaintiff's cause of action arises from the defendant's non-forum related activities." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Specific jurisdiction lies when the "non-resident defendant has 'purposefully directed' [its] activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As the Third-Party Defendants dispute that the

---

[3] DP&L and PHI are nonresidents, as they are incorporated in Delaware and do not have their principal place of business in Pennsylvania. (Third-Party Defs.' Mot. at Exs. D–E.)

Court lacks general and specific jurisdiction (Third-Party Defs.' Mot. at 6), the Court analyzes both.

### A.

In regard to general jurisdiction, Cablelinks has proffered no evidence that the Third-Party Defendants carry on "continuous and substantial" contacts with Pennsylvania. *Int'l Shoe Co.*, 326 U.S. at 159. Indeed, once a motion is made pursuant to Rule 12(b)(2), the resolution of that motion must be made by information outside of the pleadings. *Time Share Vacation Club*, 735 F.2d at 66 n.9. After DP&L and PHI asserted that the Court lacks personal jurisdiction, Cablelinks had the obligation to sustain its burden of proof by establishing jurisdictional facts through sworn affidavits or other evidence. *Id.* Furthermore, Cablelinks must proffer with reasonable particularity evidence of the Third-Party Defendants' contacts with the forum state. *Carteret Sav. Bank, FA*, 954 F.2d at 146.

Cablelinks has not met any of these obligations. Indeed, it failed to attach any exhibits, affidavits, or other evidence in its response to the Third-Party Defendants' motion to dismiss. (*See generally* Third-Party Pl.'s Resp.) The sole evidence that Cablelinks alludes to is the existence of one P.O. Box located in Philadelphia, Pennsylvania that DP&L customers may use to deposit payments. (Third-Party Pl.'s Resp. at *5–6; Third-Party Defs.' Reply at 3–4, ECF No. 14.) The P.O. Box is neither owned nor operated by DP&L. (*Id.*) Such an assertion, even if true, falls far short of the Supreme Court's standard of "continuous and systematic" contacts. *Int'l Shoe Co.*, 326 U.S. at 159.

### B.

To establish specific jurisdiction, the plaintiff must satisfy a three-prong test. First, the defendant must have "'purposefully directed [its] activities' at the forum." *O'Connor*, 496 F.3d

at 317 (citing *Burger King Corp.*, 471 U.S. at 472).  Second, the litigation must "arise out of or relate to" at least one of those activities.  *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *see also Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)).  Third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *O'Connor*, 496 F.3d at 317 (citing *Burger King Corp.*, 471 U.S. at 476).

According to Cablelinks's third-party complaint, the litigation arises out of activity that occurred in, and was directed toward, Maryland—not Pennsylvania.  (Third-Party Compl. ¶ 4.)  Therefore, Cablelinks fails to satisfy the first two prongs of the test for specific jurisdiction.

Cablelinks argues that it can establish specific jurisdiction because the purchase orders (or contracts) with DP&L and PHI require goods and services "to be delivered to Quakertown," Pennsylvania.  (Third-Party Pl.'s Resp. at *6.)  Cablelinks, however, misreads the plain meaning of the purchase orders.  (Third-Party Defs.' Mot. at Exs. A–B.)  The only reference to Quakertown, Pennsylvania, is Cablelinks's mailing address: "101 E. Mill St., Ste. Q101, Quakertown, PA  18951."  (*Id.* at 2.)  Neither DP&L nor PHI is required to deliver "goods"[4] or "services"[5] to Pennsylvania—the delivery of those goods and services is the obligation of the contractor, Cablelinks.  (Third Party Defs.' Mot. at Ex. C. at 3–4.)

## C.

The Third Circuit Court of Appeals has instructed that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging [its] burden."  *Compagnie Des Bauxites de Guinee v. L'Union*

---

[4] "Goods" are "the product(s) identified in the P.O. [Purchase Order] to be delivered or erected by Contractor [Cablelinks]." (Third-Party Defs.' Mot. at Ex. C at 3.)

[5] "Services" are "all obligations, duties, and responsibilities necessary to the successful completion of the part of the Project assigned to, or undertaken by, Contractor [Cablelinks] under the contracts." (Third-Party Defs.' Mot. at Ex. C at 4.)

*Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983).  A plaintiff's jurisdictional claim is "clearly frivolous" where the plaintiff only makes "a mere unsupported allegation that the defendant 'transacts business' in an area."  *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).  Here, Cablelinks's claims against the Defendants arise out of contracts that were agreed to outside of Pennsylvania, with Delaware corporations, for work to be performed in Maryland.  Cablelinks has not supported its substantiations of personal jurisdiction with any evidence whatsoever outside of its pleadings.  The Court clearly lacks personal jurisdiction over the DP&L and PHI and their motion to dismiss is granted accordingly.  An appropriate order follows.


                                          BY THE COURT:


                                          */s/ Gerald J. Pappert*
                                          GERALD J. PAPPERT, J.